# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA J. HOSEY, | ) CASE NO. CV09-9427 MMM (JCx) |
| | ) *[Assigned to the Hon. Margaret M.* |
| Plaintiff, | ) *Morrow, Courtroom 780]* |
| | ) |
| vs. | ) **PROTECTIVE ORDER** |
| | ) |
| COUNTY OF LOS ANGELES, | ) **[CHANGES MADE BY COURT]** |
| DEPUTY LAURA MORGAN, | ) |
| DEPUTY GATHRIGHT, DEPUTY | ) |
| KOZELCHIK, DEPUTY | ) |
| RODRIGUEZ, and 10 unknown other | ) |
| named defendants, | ) |
| | ) **Complaint Filed: December 23, 2009** |
| Defendants. | ) |
| | ) **TRIAL DATE:   None** |

The Parties' Stipulation and [Proposed] Protective Order have come before this Court.

The Court hereby grants as modified herein the Parties' Stipulation for Protective Order precluding publication and limiting the use of documents and information identified herein which contain confidential and privileged information:

///

///

**Collins Collins Muir + Stewart** LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax     (626) 243-1111

1. Information and/or documentation from the personnel file of Defendants DEPUTY LAURA MORGAN, DEPUTY DEMETRIUS GATHRIGHT, DEPUTY KRISTIAN KOZELCHIK, and DEPUTY ERIC RODRIGUEZ (hereinafter "DEFENDANTS") maintained and compiled by the County of Los Angeles Sheriff's Department (hereinafter "LASD").

2. Information and/or documentation regarding personnel and administrative complaints filed with LASD against DEFENDANTS involving allegations similar to those asserted against them in PLAINTIFF's First Amended Complaint.

3. Training Summaries of each of the DEFENDANTS.

4. PLAINTIFF's medical and psychological records relating to treatment sought regarding the incident.

IT IS FURTHER ORDERED THAT:

5. The information and/or documentation referred to in Paragraphs 1 through 4 will be referred to collectively as the "CONFIDENTIAL MATERIALS." The Court orders that the CONFIDENTIAL MATERIALS be released to the counsel for the respective parties for purposes of litigation in this matter. The Court further orders that absent further order of the Court, the CONFIDENTIAL MATERIALS shall be used in this litigation as follows:

    a. CONFIDENTIAL MATERIALS and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings;

    b. CONFIDENTIAL MATERIALS produced in this action shall be designated by stamping each page of the document(s) as "Confidential;"

    c.    Under no circumstances shall the CONFIDENTIAL MATERIALS, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this litigated matter in accordance with this Protective Order or by further order of the court;

    d.    Defendants reserve all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the code, including the right to recess the deposition to bring a protective order before the Court;

    e.    PLAINTIFF reserves all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery;

    f.    CONFIDENTIAL MATERIALS and the information contained therein may not be disclosed, except as set forth in paragraph 5(g) below;

    g.    CONFIDENTIAL MATERIALS and the information contained therein may only be disclosed to the following persons:

        i.    Counsel for PLAINTIFF and counsel for DEFENDANTS.

        ii.    Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 5(g)(i) above.

        iii.    Experts witnesses retained for the purposes of this litigation by counsel referred to in paragraph 5(g)(i) above.

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

S:\JC\CIVIL\HOSEY V. COUNTY OF LA, CV 09-9247 MMM\HOSEY - PROTECTIVE ORDER.DOC

3

PROTECTIVE ORDER

|     |     |
| --- | --- |
| 1   |     |
| 2   | iv.  Court personnel, including stenographic reporters, necessary for the preparation and processing of this action. |
| 3   | v.  Any individual approved by the Court. |
| 4   | i.  CONFIDENTIAL MATERIALS shall not be divulged to any other person or entities; |
| 5   |     |
| 6   | j.  CONFIDENTIAL MATERIALS shall not be posted on the Internet or on any website; |
| 7   |     |
| 8   | k.  If CONFIDENTIAL MATERIALS are included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and submitted for filing under seal pursuant to Local Rule 79-5.1 with the understanding that, depending upon the circumstances, a showing of good cause or compelling need is necessary to justify such under seal filing – See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Insurance Company, 331 F.3d 1122 (9th Cir. 2002). |
| 17  | l.  In the event that any of the CONFIDENTIAL MATERIALS are used in any Court proceeding in this action, the party using CONFIDENTIAL MATERIALS shall take all reasonable steps to maintain its confidentiality during such use, understanding that in light of the presumptively public nature of Court proceedings, the Court may be disinclined to maintain the confidentiality of the CONFIDENTIAL MATERIALS used during Court proceedings; and |
| 25  | m.  Nothing in paragraph 5(c) is intended to prevent authorized government officials for the County of Los Angeles from having access to the documents if they had access in the normal course of their job duties; |

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

S:\JC\CIVIL\HOSEY V. COUNTY OF LA, CV 09-9247 MMM\HOSEY - PROTECTIVE ORDER.DOC
4
PROTECTIVE ORDER

6.    Absent further order of the Court, the Parties shall not disclose CONFIDENTIAL MATERIALS to any person (other than the Court and Court personnel) unless the substance of this Protective Order has been communicated to such person and such person has agreed to abide by the Protective Order, and;

7.    After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL MATERIALS produced by COUNTY under the provisions of this Order and copies thereof, except those in the possession of the Court and Court personnel, shall be destroyed or returned to the attorneys of record for COUNTY, Collins Collins Muir + Stewart LLP, 1100 El Centro Street, South Pasadena, CA 91030.

8.    That any counsel, expert or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL MATERIALS or the information contained therein in any other court proceeding subject to further order of this court;

9.    Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

DATED: June 28, 2010                      /s/
                                                        Jacqueline Chooljian
                                                        U.S. MAGISTRATE JUDGE

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

S:\JC\CIVIL\HOSEY V. COUNTY OF LA, CV 09-9247 MMM\HOSEY - PROTECTIVE ORDER.DOC

5

PROTECTIVE ORDER